Opinion of the Court by
Judge Owsley.
[Absent Chief Justice Bibb.]
To obtain execution upon a recognizance acknowledged in the county court of Trigg by Davis and Deeson, a scire facias was sued out against them in favour of the Commonwealth, and such proceedings were therein had as that finally, at the June term of said court, judgment was rendered, “that the defendants make their fines to the Commonwealth, by the payment of thirty pounds, viz: The said Davis by the payment of twenty pounds, and the said Deeson by the payment of ten pounds, and that they pay the cost of the prosecution, and be taken, &c.”
The recognizance is stated in the scire facias to have been entered into before the county court, conditioned for the appearance of Davis at the next term of the court, to answer a charge of being the father of a bastard child, then depending before the court; but on the trial of the scire facias no exceptions *114 appear to have been taken to any opinion of the court, so as to make the recognizance or any of the proceedings upon the charge against Davis, in that court, a part of the record in this case.
In a scire facias the recognizance is no part of the record, unless made so by bill of exceptions.
Scire facias lies to have execution of debts of record only.
Case of bastardy in the county court may be continued, and a recognizance be taken of the putative father for his appearance.
*114 These remarks are made for the purpose of shewing that it would be improper in us, whilst reviewing the judgment which was rendered in the scire facias, to notice such of the assignment of errors as relate exclusively to the proceedings against Davis, upon the charge of being the father of the bastard child.
There is one of the assignments of errors, however, which it is proper to notice, though it may in some measure relate to those proceedings. It is that which questions the validity of the recognizance. We shall not, however, notice it because we are enabled to decide upon the validity of the rerognizance, by looking into the record of the proceedings upon the charge against Davis, but because the scire facias alleges the recognizance to have been acknowledged before the county court in a case of bastardy, and because it is assumed by the assignment of errors, that the county court has no power in such a case to take a recognizance of the person charged for his appearance at a subsequent term.
Were it true, that the county court possesses no competent power to take a recognizance for the purpose of procuring the appearance of a person charged with being the father of a bastard child, at a subsequent term, we should not doubt but what the court erred in rendering judgment in the present case; for, if the court had no power to take the recognizance when it was taken, the recognizance cannot be said to have created a debt of record, and it is only to have execution of debts of that sort that a scire facias can be maintained.
But we cannot admit that, there is any lack of power in the county court to take such a recognizance. The county court has jurisdiction to hear and decide upon all cases of bastardy, and to enable the court to exert that jurisdiction, the power to take recognizances must necessarily follow. The
Judgment in a scire facias that defendant make his fine to the commonwealth by the payment, &c. and may be taken, &c.; is erroneous—For on such a judgment, the process of execution is not the same as on the proper judgment in debt.
Mayes, for plaintiffs; Denny, attorney general.
act upon that subject, it is true, in imperative language, declares, that upon the person charged with being the father of a bastard child, appearing in court, "such court shall proceed to hear and determine the charge” but though imperative in the language, the act ought not, we apprehend, to be construed so as to exclude the power to continue.
The objection to the recognizance cannot, therefore, be sustained.
The only other objection to which, under the peculiar circumstances of the case, any notice need be taken, relates to the regularity of the judgment. And with respect to that it is sufficient to remark, that the judgment is not only informally but substantially erroneous. Regularly the judgment should have been for the Commonwealth to have execution of the debt contained in the recognizance, and not that the defendants make their fine &c. upon which the Commonwealth would be entitled to execution of a different sort than that to which she might cause to be issued upon a judgment regularly entered.
The judgment must be reversed, and the cause remanded to the court below, and judgment there entered in conformity with this opinion.